■ J. A. R. CONSTRUCTION COMPANY, Respondent, v ROBERT DORSKIND et al., Defendants, and LAZAR, LEVINE & COMPANY, Appellant. [650 NYS2d 268] —In a shareholder's derivative action, inter alia, to recover damages for breach of a fiduciary duty, the defendant Lazar, Levine & Company appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated June 30, 1995, which denied its motion pursuant to CPLR 3211 (a) (3) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the plaintiff, as a shareholder of Digital Metcom Inc. (hereinafter the corporation), has standing to maintain this shareholder's derivative action on behalf of the corporation. Pursuant to Uniform Commercial Code article 9, the corporation's transfer of its "general intangibles" to Marine Midland Bank as collateral for certain loans did not confer on Marine Midland Bank a security interest in the corporation's tort claims (see, UCC 9-104 [k]). Moreover, the instrument relied upon by the appellant was insufficient to confer such an interest pursuant to common law (see, In re Ore Cargo, 544 F2d 80).

We have examined the appellant's remaining contentions and find them to be without merit. Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.